**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YIFEI JIANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0878-HE |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On August 28, 2026, petitioner filed a motion to enforce the court's August 21, 2026 order [Doc. #23].[1] According to the motion, respondents released petitioner from custody pursuant to an order of release on recognizance rather than an order of supervision. On September 18, 2026, respondents filed a response [Doc. #26], advising that while petitioner had been released on an order of release on recognizance, ICE Enforcement and Removal Operations (ERO) had prepared I-220B paperwork (order of supervision) for petitioner and would be mailing it to him that day.

Three days later, petitioner filed a notice of supplemental facts in support of motion to enforce judgment and request for clarification [Doc. #27]. Petitioner advised the order of supervision contains a condition materially more restrictive than the conditions he previously lived under while on supervision. Specifically, he is required to wear an ankle monitor. Petitioner states that prior to his re-detention, he complied with all supervision

---

[1] *The court's order, adopting the magistrate judge's unopposed Report and Recommendation, required respondents "to release petitioner from custody immediately, subject to an appropriate order of supervision." [Doc. #20].*

requirements and was not subject to electronic monitoring. Petitioner requests the court to clarify and enforce its judgment by directing respondents to release and supervise him under conditions no more restrictive than those he was already subject to before his re-detention.

The next day, petitioner filed a supplement to his notice [Doc. #28], attaching a copy of the order of supervision which states his release is contingent upon his enrollment and successful participation in an Alternatives to Detention program and as part of that program, he will be subject to electronic monitoring and may be subject to a curfew.

On October 2, 2026, respondents filed a response to petitioner's filing [Doc. #30]. They did not address the electronic monitoring condition or petitioner's request for clarification. Instead, they advised that petitioner had refused service of the I-220B paperwork sent to him. They also advised they had requested additional information and ERO would be preparing a declaration. Respondents did not indicate what that declaration would address or when it would be submitted.

On October 8, 2026, the court entered an order [Doc. #31] concluding that respondents should address the electronic monitoring condition and the request for clarification. The court directed respondents to file a supplemental response to petitioner's notice of supplemental facts in support of motion to enforce judgment and request for clarification [Doc. #27].

Respondents have filed a supplemental response [Doc. #32]. Attached to the response is a declaration pursuant to 28 U.S.C. § 1746 by Deportation Officer David Lemons stating that petitioner is scheduled to report to the Dallas ICE-ERO office on

December 15, 2026, where he is expected to be enrolled in the Alternatives to Detention program. However, neither the response nor the declaration address the electronic monitoring condition or the request for clarification as directed by the court.

As noted above, the order of supervision issued for petitioner includes a requirement that he enroll and successfully participate in an Alternatives to Detention program and that, as part of that program, he will be subject to electronic monitoring. Petitioner has stated, and respondents have not disputed, that the electronic monitoring condition was not part of petitioner's order of supervision issued in 2011. Because respondents have not proffered any authority suggesting a basis for addition of the condition and have not even attempted to justify its addition in light of the court's prior order, the court concludes that petitioner's request for clarification [Doc. #27] should be granted and that the court's August 21, 2026 order [Doc. #20] should be clarified to explicitly direct respondents to release petitioner immediately, subject to an appropriate order of supervision which does not contain conditions materially more restrictive those in place before his re-detention.

Accordingly, the request for clarification [Doc. #27] is **GRANTED**. The court's August 21, 2026 order [Doc. #20] is **CLARIFIED** as follows: respondents are **ORDERED** to release petitioner immediately, subject to an appropriate order of supervision which does not contain conditions materially more restrictive than those in place prior to petitioner's re-detention, including the restrictive electronic monitoring condition.

As petitioner is being released on an order of supervision and not an order of recognizance, petitioner's emergency motion to enforce the court's August 21, 2026, order [Doc. #23] is **STRICKEN as MOOT**.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE